# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC BELL TELEPHONE COMPANY, doing business as AT&T CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>O1 COMMUNICATIONS, INC.,<br><br>Defendant. | No. 2:17-cv-01564-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

By way of the present action, Plaintiff Pacific Bell Telephone Company, dba AT&T California ("AT&T" or "Plaintiff"), seeks to recover transit and transport charges, and accompanying late payment charges, from Defendant O1 Communications, Inc. ("O1" or "Defendant") for carrier-to-carrier services provided by AT&T to O1, pursuant to an interconnection agreement ("ICA") between the parties. Plaintiff asserts two causes of action against O1: (1) breach of contract and (2) open book account. Defendant removed the action to this Court on July 28, 2017, citing federal question jurisdiction under 28 U.S.C. § 1331. ECF No. 1. Presently before the Court is Plaintiff's Motion to Remand the action back to Sacramento County Superior Court. ECF No. 6. For the reasons described below, the motion is GRANTED.[1]

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

# BACKGROUND[2]

As set forth in O1's Notice of Removal, ECF No. 1, both AT&T and O1 are local exchange carriers ("LECs") as defined under the Communications Act of 1934, 47 U.S.C. § 153(51), and AT&T is considered an incumbent local exchange carrier ("ILEC") under 47 U.S.C. § 251(h). That Act requires all local exchange carriers to interconnect their networks and to compensate one another for transit and transport services. The Act also sets forth processes by which local exchange carriers must establish ICAs to govern that interconnection.

Under the ICA between the parties, AT&T provides transiting services to O1 for a fee, which allows O1 to deliver voice communications to AT&T for delivery by AT&T to third-party telecommunications carriers, for ultimate delivery to customers of those carriers. AT&T also provides O1 with transport services which connect O1's network to specified interconnection points of AT&T's California network called "points of interconnection". This allows O1 to deliver traffic from its network to AT&T, or between two points on AT&T's network. Both types of charges include charges which are imposed pursuant to AT&T's state and federal tariffs. Indeed, the ICA incorporates by reference terms and conditions of AT&T's state and federal tariffs for services which are covered by those tariffs. As is relevant to this action, O1 disputes AT&T's transit and transport charges and has withheld payment. This lawsuit followed.

# STANDARD

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). There are

---

[2] Except where noted otherwise, the following recitation of facts is compiled from Defendant's Notice of Removal and Motion as well as Plaintiff's Complaint. ECF Nos. 1, 6, and 1-2, respectively.

two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)-(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id. Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

The district court determines whether removal is proper by first determining whether a federal question exists on the face of the plaintiff's well-pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). If a complaint alleges only state-law claims and lacks a federal question on its face, then the federal court must grant the motion to remand. See 28 U.S.C. § 1447(c); Caterpillar, 482 U.S. at 392. Nonetheless, there are rare exceptions when a well–pleaded state-law cause of action will be deemed to arise under federal law and support removal. They are "(1) where federal law completely preempts state law, (2) where the claim is necessarily federal in character, or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." ARCO Envtl. Remediation L.L.C. v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1114 (9th Cir. 2000) (internal citations omitted).

If the district court determines that removal was improper, then the court may also award the plaintiff costs and attorney fees accrued in response to the defendant's removal. 28 U.S.C. § 1447(c). The court has broad discretion to award costs and fees whenever it finds that removal was wrong as a matter of law. Balcorta v. Twentieth-Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

**ANALYSIS**

As provided above, O1 removed the action to this Court in July 2017, citing federal question jurisdiction under 28 U.S.C. § 1331. Specifically, O1 argues that the "case arises under federal statutory and common law and relates to rights and obligations created pursuant to federal statute, specifically the Telecommunications Act of 1996, ("1996 Act") Pub. Law No. 104-104, 110 Stat. 56 (1996), 47 U.S.C. § 151 et seq." Notice of Removal ("Notice"), ECF No. 1, at 2. Essentially, because AT&T's Complaint expressly relies on §§ 251 and 252 for the alleged breach of the ICA, a federally-mandated contract, this Court has federal question jurisdiction. Id.

AT&T now moves to remand the action back to state court, arguing that its Complaint alleges only two causes of action, both rooted in state law. If the facts as plead are enough to confer federal jurisdiction, it argues, then any claim involving an ICA would by definition be brought under federal law. Instead, AT&T asserts that its claims are simply intended to enforce the terms of a contract (the ICA) and as such they are state law claims. AT&T additionally seeks attorney's fees in the amount of $5,400 based on its costs in bringing its Motion to Remand.

AT&T has the better argument. As the Ninth Circuit has clearly provided, "[a]lthough federal law requires LECs to execute interconnection agreements, the contracts themselves are creatures of state law. Such contracts are executed under, and interpreted according to, state law. Thus, when a disagreement over the terms of such an agreement arises, 'the suit is not based on federal law in any realistic sense, but

4

on a . . . term in a contract.'" Global NAPs California, Inc. v. Public Utilities Com'n of State of Cal., 624 F. 3d 1225, 1228 (9th Cir. 2010) (citing, inter alia, Ill. Bell Tel. Co. v. Global NAPs Ill., Inc., 551 F. 3d 587, 591 (7th Cir. 2008)).[3]  Here, AT&T brings only two causes of action, both of which are rooted in what appears to be a straightforward issue of contract interpretation.  Indeed, O1 disputes AT&T's charges, which charges were made pursuant to the ICA between the parties.  Consequently, there is no federal question at issue on the face of the Complaint, nor can it be said that the claims—which arise under the contract—arise under federal law.

      O1 attempts to raise an additional federal question in its Opposition by claiming that, at a minimum, the amounts sought by AT&T that arise out of its federal tariff are subject to the exclusive jurisdiction of the federal court.  Opp. at 4.  While not a wholly inaccurate claim, O1 simultaneously concedes that those federal tariff terms and conditions are incorporated by reference into the ICA.  Opp. at 3.  By that incorporation, the tariff is essentially subsumed by the contract; those claims therefore do not arise out of the federal tariff, but out of the ICA.  See Ill. Bell Tel. Co., 551 F. 3d at 593 ("[W]e suppose an integration clause . . . could make all claims for payment to a carrier arise under the agreement rather than under filed tariffs.  An ordinary agreement couldn't do that—the obligation created by a filed tariff cannot be altered by an agreement of the parties.  But telecommunications common carriers are authorized to make binding interconnection agreements setting forth the prices of the services agreed upon.").  Moreover, Plaintiff's Complaint does not attempt to allege a claim to enforce the federal

///

///

///

---

[3] O1 seems to argue that this language is meant to be taken as a choice of law discussion, and not a jurisdictional one.  In other words, it argues that even though state contract law applies, the federal court nonetheless has jurisdiction over the matter.  But Illinois Bell later clarifies that "we have just ruled that a suit for nonpayment in violation of such an [interconnection] agreement does not arise under federal law." 551 F. 3d at 593.  Therefore, not only does California law apply to resolve the present contract dispute, but the matter also falls outside the scope of this Court's jurisdiction as there is no federal question on the face of the Complaint and the matter does not "arise under" federal law.

tariff. As a result, this is not an action to enforce a tariff; it is an action to enforce a contract. As such, it arises under state law.[4]

Finally, AT&T requests its attorney's fees expended in bringing this motion. As Plaintiff acknowledges, the purpose behind granting costs and fees on a successful motion for remand is to deter abuse, unnecessary expense, and the possibility of harassment. Mot. at 5. The Court therefore has discretion in awarding fees. "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, while the Court agrees with AT&T that the matter should be remanded to state court, it does not agree that O1 had no reasonable basis for removal. Therefore, in its discretion the Court declines to award attorney's fees to AT&T.

## CONCLUSION

For the reasons explained above, Plaintiff's Motion for Remand, ECF No. 6, is GRANTED, but Plaintiff's request for attorney's fees is DENIED.

IT IS SO ORDERED.

Dated: April 17, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[4] The parties seem to acknowledge that issues such as those present here may be referred to the state regulatory commission, but do not seek such referral here. Regardless, such a referral presupposes this Court's jurisdiction and would therefore be improper in this case. See Ill. Bell Tel. Co., 551 F. 3d at 595.